UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMMIA JALLAQ<br><br>   Plaintiff,<br><br>v.<br><br>J.D. BYRIDER SYSTEMS, LLC, BYRIDER FINANCE, LLC, VENTURCAP INVESTMENT GROUP V, LLC a/k/a J.D. BYRIDER CAR SALES a/k/a J.D. BYRIDER AUTO SALES a/k/a J.D. BYRIDER & VENTURCAP FINANCIAL GROUP, LLC d/b/a CARNOW ACCEPTANCE COMPANY d/b/a CNAC<br><br>   Defendants. | CIVIL ACTION<br><br>COMPLAINT   1:18-cv-04529<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, SAMMIA JALLAQ ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, J.D. BYRIDER SYSTEMS, LLC, BYRIDER FINANCE, LLC, & VENTURCAP FINANCIAL GROUP, LLC d/b/a CARNOW ACCEPTANCE COMPANY a/k/a CNAC (collectively "CNAC") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C.

1

§1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as CNAC conducts business in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who at all times relevant resided in Illinois.

6. J.D. Byrider Systems, LLC is an automobile retail installment finance company with its principal place of business located at 12802 Hamilton Crossing Boulevard, Carmel, Indiana. J.D. Byrider Systems, LLC regularly conducts business with consumers located in Indiana.

7. Byrider Finance, LLC is an Indiana corporation with its principal place of business also located at 12802 Hamilton Crossing Boulevard, Carmel, Indiana 46032. Byrider Finance, LLC services and finances automobile loans in the State of Illinois and across the United States. Byrider Finance, LLC collects or attempts to collect, directly or indirectly, auto loan accounts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

8. Venturcap Investment Group V, LLC, also known as J.D. Byrider Car Sales, J.D. Byrider Auto Sales, and J.D. Byrider, is a Rhode Island corporation with its principal place of business located at 615 Reservoir Avenue, Cranston, Rhode Island 02910. Through its "J.D. Byrider" aliases, Venturcap Investment Group V, LLC is engaged in the retail sale of automobiles and collects or attempts to collect, directly or indirectly, auto loan accounts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

9. Venturcap Financial Group, LLC, also known as CNAC, is a Rhode Island corporation with its principal place of business also located at 615 Reservoir Avenue, Cranston, Rhode Island 02910. CNAC services and finances automobile loans in the State of Illinois and across the United States. CNAC "has worked with J.D. Byrider to help over 1 million people get the financing they needed for the car they wanted."[1] CNAC collects or attempts to collect, directly or indirectly, auto loan accounts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

10. Defendants acted in concert

### CNAC'S CALLS TO PLAINTIFF'S CELLULAR PHONE

11. Several years ago, Plaintiff obtained an automobile loan to purchase a vehicle ("subject vehicle") and incurred debt ("subject loan" or "subject debt") as result.

12. Upon information and belief, CNAC serviced the subject loan at all times relevant.

13. Plaintiff subsequently began experiencing mechanical issues with the subject vehicle and informed CNAC that the extensive repairs were causing financial difficulties for Plaintiff.

14. Plaintiff requested that CNAC allow her to return the subject vehicle or at the very least, trade the subject vehicle in for a more serviceable automobile, to no avail.

15. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of a cellular telephone with the assigned number ending in 9171. Plaintiff is and has always been financially responsible for this cellular phone and its services.

16. Whenever Plaintiff is late in making her payments towards the subject debt, even if for only a day, CNAC places numerous calls to Plaintiff's cellular phone attempting to collect the subject debt.

---

[1] http://www.cnac.com/ (Last accessed May 4, 2018.)

3

17. CNAC's voluminous calls to Plaintiff's cellular phone have become a daily nuisance.

18. In March 2018, Plaintiff received a call from CNAC attempting to collect the subject debt. During that call, Plaintiff said "hello," to which there was no response for approximately 3 seconds before Plaintiff was greeted by a live CNAC agent.

19. During this call, Plaintiff spoke with a representative of CNAC and demanded that the calls to her cellular phone cease.[2] On October 11, 2017, Plaintiff contacted CNAC and informed them that she no longer wished to receive calls from CNAC on her cellular phone.

20. Again in April 2018, Plaintiff received another call from CNAC and requested that the unwanted and harassing calls to her cellular phone cease.

21. CNAC ignored Plaintiff's April 2018 request and contacted her again on her cellular phone later that day.

22. Plaintiff also received multiple unwanted text messages from CNAC and responded to at least one of the texts by demanding that CNAC cease communicating with her on her cellular phone.

23. Notwithstanding Plaintiff's demands that CNAC cease placing calls to her cellular phone, CNAC continued to call Plaintiff's cellular phone in an attempt to induce payment on the subject debt.

24. Specifically, CNAC continued to place or caused to be placed no less than 222 harassing calls to Plaintiff's cellular phone between March 2018 and the present day.

25. CNAC placed unwanted calls to Plaintiff's cellular phone using the following numbers:

- 800-252-1111; and

---

[2] Upon information and belief, the CNAC representative with whom Plaintiff spoke during the March 2018 call was named "Bethina", however, Plaintiff may have spoken with another representative during that call.

4

- 614-986-1366.[3]

26. Upon information and belief, and based on the lack of prompt human response during the phone calls that Plaintiff answered, CNAC placed the unlawful and unwanted calls to Plaintiff's cellular phone using a predictive dialing system.

## DAMAGES

27. CNAC's calls to Plaintiff's cellular phone have disrupted her everyday life.

28. CNAC's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

29. Moreover, Plaintiff was forced to expend time and expenses by retaining counsel as a result of CNAC's conduct.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

31. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

---

[3] Plaintiff may have received calls from CNAC from alternate phone numbers, however, these are the numbers that Plaintiff can recall presently.

32. Upon information and belief, CNAC used a predictive dialing system to place calls to Plaintiff.

33. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

34. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

35. CNAC violated the TCPA by placing no less than 222 calls to Plaintiff's cellular phone using an ATDS without her consent. Any prior consent was revoked by virtue of Plaintiff's verbal revocations.

36. Pursuant to 47 U.S.C. §227(b)(3)(B), CNAC is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), CNAC's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff SAMMIA JALLAQ requests that this Honorable Court:

a. Declare CNAC's phone calls to Plaintiff to be a violation of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Award Plaintiff reasonable attorney fees and costs; and
d. Award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

37. Plaintiff restates and reallages paragraphs 1 through 24 as through fully set forth herein.

38. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

### a. Unfairness and Deception

39. It is unfair for CNAC to harass Plaintiff through harassing phone calls placed to her cellular phone after she requested that CNAC cease placing calls to her cellular phone.

40. It was deceptive for CNAC to continue to contact Plaintiff in an effort to collect the subject debt after Plaintiff demanded that the calls cease.

41. CNAC bullied Plaintiff into near submission via unfair conduct through its harassing phone calls.

42. The phone harassment campaign CNAC unleashed on Plaintiff is against public policy, immoral, unethical, and oppressive.

43. As pled above, Plaintiff was harmed by CNAC's unfair conduct.

44. Upon information and belief, CNAC systematically places harassing phone calls to Illinois consumers in an effort to aggressively collect debts even after CNAC no longer has consent to place such calls.

45. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by CNAC and is done on a broad scale.

46. An award of punitive damages is appropriate because CNAC's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and

7

consumers, generally, and Plaintiff had no choice but to submit to the continued harassing phone calls

WHEREFORE, Plaintiff SAMMIA JALLAQ requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against CNAC;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: June 29, 2018                             Respectfully Submitted,

/s/ Marwan R. Daher                              /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                            Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                          *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200            2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
Telephone: (630) 575-8181 x 109                  Telephone: (630) 575-8181 x 108
mdaher@sulaimanlaw.com                           osulaiman@sulaimanlaw.com

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 x140
ataylor@sulaimanlaw.com